# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed December 16, 1901.

CHARLES SHIPLEY
VS.
JOHN L. WARTMAN.

*Ferdinand C. Dugan* for exceptant.
*Paca & Newbold* for trustee.

DENNIS, J.—

The other ground of exception to the auditor's- report having been passed upon at the hearing, the only one left presents the question "will a mechanic's lien lie in this State, for work and labor done in laying a brick pavement for a dwelling house."

It was admitted at the trial that the house in question was a new house, one of a number erected on a public street, none of which have paved sidewalks in front of them; and all binding on, and being built up to the line of the sidewalk.

Our mechanics' lien law allows a lien for "work and labor done for or about" the erection of a building.

The crucial test, therefore, as it seems to me, is, can a house so situated be said to be a completed house, without being provided with a paved front sidewalk. If it can be so considered, the lien will not lie; if it cannot be so considered, the lien will lie.

It was further conceded that liens for such work have always been allowed, although the question of the validity of such a lien has never yet been passed upon by a court.

I am of the opinion that the lien lies in the present case, as I think a house situated as the one in question was, could not be considered a completed house, without having a front sidewalk. Such a walk is just as important a

part of the house, for the purpose of ingress and egress, as the front door steps, and easily comes within the spirit and words of the statute, which provides for a lien for all work done "on or *about*" a house.

In the able and ingenious argument of the learned counsel for the exceptants, it was urged that the same reasons would apply in favor of a lienor, who had done work or labor in the grading and paving of the street in front of said dwelling; but I do not see the force of that argument. The paving of the street is not necessary to the completion of the house, although it might add to its enjoyment, while a sidewalk is necessary as a means of ingress and egress.

I do not attach importance to the decisions which have been quoted from one or two other States, because there, the statutes are different, and in none of these cases are the conditions in regard to the situation of the house, and of the pavement in relation to it, the same as in the case at bar.

Moreover, in our statute, it is required that its provisions shall be *liberally* construed in favor of the lienor.

In the case of Watts vs. Whittington, 48th Md., which the learned counsel relies upon as an expression of a doubt by the Court of Appeals of the right to file such a lien, the facts were altogether different. In that case, quoting from the opinion of the court, "the paving bricks were used in paving a walk around the house on which the appellants originally designed to plant grass-plots, and that this pavement formed no part of the house or of the *way of egress or ingress* to it, and was not essential or incidental to the proper enjoyment of the house as a building or mansion, but was merely a matter of *caprice* or *taste*;" and even in that case the court did not decide the lien would not lie, but merely said it was not necessary then to decide it. If any inference can be drawn from that case, it is that, even under those circumstances, the court was doubtful whether a lien would not lie. The facts in this case are so different that, even if the court had then decided against the lien, it would not be an authority against the lien under the circumstances now before us.

I will, therefore, overrule the exceptions and ratify the auditor's report.